IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HELEN E. OGATA, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CONEXUS CPA GROUP, LLC | : | |
| and KIMBERLY A. RODDY, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Helen E. Ogata ("Ogata") brings this Complaint against Defendants CoNexus CPA Group, LLC ("CoNexus") and Kimberly A. Roddy ("Roddy") (collectively "Defendants") and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is wage and hour case. Defendants are Ogata's former employers. They failed to pay her at or above the minimum wage for each hour she worked and further failed to pay her an overtime premium for all hours she worked over forty hours during each work week of her employment in violation of the FLSA.

2.

In addition to her federal causes of action, Ogata asserts pendent state law claims which arise out of the same set of operating facts as her federal claims

arising our of Defendants failure to deliver her final paycheck and failure to compensate Ogata her for her accrued and unused paid time off ("PTO") at the conclusion of her employment.  The causes of action are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## 2.   JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because CoNexus is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3.   THE PARTIES

5.

Ogata resides in Cobb County, Georgia.

6.

At all times material hereto, CoNexus has been an "employer" of Ogata as defined in FLSA § 3(d), 29 U.S.C. §203(d).

7.

At all times material hereto, Ogata has been an "employee" of CoNexus as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

CoNexus is a corporation organized under the laws of the State of Georgia.

9.

 CoNexus is subject to the personal jurisdiction of this Court.

10.

CoNexus may be served with process through its registered agent Kimberly Anne Roddy at 900 Circle 75 Parkway, SE, Suite 1100, Atlanta, Georgia 30339.

11.

Roddy is a resident of Georgia.

12.

Roddy is subject to the personal jurisdiction of this Court.

13.

Roddy is the Registered Agent of CoNexus.

14.

Roddy can be served with process at 900 Circle 75 Parkway, SE, Suite 1100, Atlanta, Georgia 30339 or wherever she can be found.

## 4.   ENTERPRISE COVERAGE:

15.

From on or about September 28, 2016 through April 10, 2017 (i.e., "the Relevant Time Period"), Ogata was "engaged in commerce" as an employee of CoNexus as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

Throughout the Relevant Time Period, CoNexus was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

Throughout 2016, CoNexus had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2017, CoNexus had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

Throughout the Relevant Time Period, two or more employees of CoNexus used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, computers, office furniture.

20.

Throughout the Relevant Time Period, two or more employees of CoNexus handled "goods or materials" for the business purposes of CoNexus: computers, phone systems, cellular telephones, office supplies, and U.S. currency.

21.

Throughout 2016, CoNexus had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

Throughout 2017, CoNexus had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2016, CoNexus had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Throughout 2017, CoNexus had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, CoNexus was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## 5.   STATUTORY EMPLOYER ALLEGATIONS

26.

At all times material hereto, CoNexus was an "employer" of Ogata as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

At all times material hereto, Ogata was an "employee" of CoNexus as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

28.

At all times material hereto, Roddy exercised control over the work activities of Ogata.

29.

At all times material hereto, Roddy was involved in the day-to-day operation of CoNexus.

30.

At all times material hereto, CoNexus vested Roddy with supervisory authority over Ogata.

31.

At all times material hereto, Roddy exercised supervisory authority over Ogata.

32.

At all times material hereto, Roddy scheduled Ogata's working hours or supervised the scheduling of Ogata's working hours.

33.

At all times material hereto, Roddy exercised authority and supervision over Ogata's compensation.

34.

At all times material hereto, Roddy was an "employer" of Ogata as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

At all times material hereto, Ogata was an "employee" of Roddy as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**6. NON-EXEMPT STATUS:**

36.

Defendants employed Ogata as a Customer Service Manager from September 28, 2016 through April 10, 2017.

37.

During the Relevant Time Period, Ogata's primary duty was to perform customer service duties on behalf of CoNexus.

38.

At all times material hereto, Ogata did not utilize any special skills in the course of her work for CoNexus.

39.

At all times material hereto, Ogata did not exercise independent business judgment in the course of her work for CoNexus.

40.

At all times material hereto, Ogata did not possess any specialized degree or certificate that she utilized to perform the duties of customer service manager cashier for Defendants.

41.

At all times material hereto, CoNexus exercised significant, if not total control over the amount of Ogata's pay.

42.

At all times material hereto, CoNexus exercised significant, if not total control over Ogata's work hours.

43.

At all times material hereto, CoNexus exercised significant control over how Ogata's work was performed.

44.

At all times material hereto, Ogata followed policies and guidelines as set by Defendants in the performance of her work on behalf of Defendants.

45.

At all times material hereto, Ogata was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

46.

At all times material hereto, Ogata was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

47.

At all times material hereto, CoNexus did not employ Ogata in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

48.

At all times material hereto, CoNexus did not employ Ogata in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, CoNexus did not employ Ogata in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

50.

At all times material hereto, CoNexus did not employ Ogata in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

51.

During the Relevant Time Period, Defendants failed to pay Ogata on a genuinely salaried basis.

## 7.   ADDITIONAL FACTUAL ALLEGATIONS:

52.

Throughout the Relevant Time Period, Defendants compensated Ogata at an hourly rate of $25.00 per hour for each hour she worked.

53.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Ogata at a rate of no less than $7.25 per hour for every hour worked in a work week.

54.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Ogata at a rate of at least $7.25 per hour for every hour worked in a work week.

55.

Defendants failed to compensate Ogata for .25 hours that she worked on March 26, 2017.

56.

Defendants withheld Ogata's last pay check for the pay period from March 27, 2017 through April 10, 2017 in the amount of approximately $2,695.00 thereby bringing her wages below the statutory minimum wage during that pay period.

57.

During the Relevant Time Period, Defendants willfully failed to compensate Ogata at a rate of $7.25 per hour for each hour she worked during her last two weeks of employment.

58.

Throughout the Relevant Time Period, CoNexus was aware of the actual number of hours that Ogata worked during each work week.

59.

At all times relevant, Ogata regularly worked in excess of 40 hours during most work weeks.

60.

Throughout the Relevant Time Period, Defendants paid Ogata at her regular hourly rate for all time she worked, without regard for the number of hours she worked each week.

61.

At all times relevant, Defendants failed to pay Ogata at one-and-one-half times her regular rate for work she performed in excess of 40 hours during each work week.

62.

Throughout the Relevant Period, Defendants failed to compensate Ogata for approximately 26.35 hours of accrued but unused PTO totaling $658.75.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

63.

The allegations in the previous paragraphs are incorporated by reference as if fully set out in this paragraph.

64.

At all times material hereto, Ogata has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

65.

Defendants failed to pay Ogata any wages for the pay period March 27, 2017 through April 10, 2017.

66.

From on or about March 27, 2017 through April 10, 2017, Defendants failed to compensate Ogata at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

67.

From on or about March 27, 2017 through April 10, 2017, Defendants willfully failed to compensate Ogata at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

68.

Ogata is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of minimum wages as alleged above, Ogata is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of minimum wages, Defendants are liable to Ogata for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

71.

The allegations in all previous paragraphs are incorporated herein as if fully set out verbatim.

72.

At all times material hereto, Ogata has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

73.

Throughout her employment with CoNexus, Ogata regularly worked in excess of forty (40) hours each week during the period from September 28, 2016 through April 10, 2017.

74.

CoNexus failed to pay Ogata at one-and-one-half-times her regular rate for work in excess of forty (40) hours in any week from approximately from September 28, 2016 through April 10, 2017.

75.

CoNexus willfully failed to pay Ogata at one-and-one-half times her regular hourly rate for work in excess of forty (40) hours in any week from approximately September 28, 2016 through April 10, 2017.

76.

Ogata is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Ogata is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Ogata is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT III - BREACH OF CONTRACT**

79.

The allegations in all previous paragraphs are incorporated herein as if fully set out verbatim.

80.

Ogata and CoNexus were parties to a contract of employment (hereafter "the Contract") from on or about September 28, 2016 through April 10, 2017.

81.

The Contract provided that CoNexus would pay Ogata for work that was performed by Ogata on behalf of and for the benefit of Defendant.

82.

The Contract provided that CoNexus would pay Ogata for accrued but unused PTO at the time of her termination.

83.

Defendant's failure to pay Ogata any wages for .25 hours of work she performed on March 26, 2017 constitutes a material breach of the Contract.

84.

Defendant's failure to pay Ogata any wages for work she performed during her last two weeks of work from on or about March 27, 2017 through April 10, 2017 constitutes a material breach of the Contract.

85.

Defendant's failure to pay Ogata for 26.35 hours of accrued but unused PTO at the time of her termination from Defendant's employ constitutes a material breach of the Contract.

86.

As the direct and foreseeable result of this breach, Ogata has sustained and continues to sustain damages in an amount to be proved at trial.

### Count IV – Quantum Meruit

87.

The allegations in all previous paragraphs are incorporated herein as if fully set out verbatim.

88.

From on or about September 28, 2016 through April 10, 2017, Ogata served as a Customer Service Manager for CoNexus.

89.

Ogata's service as a Customer Service Manager for CoNexus as described above was valuable to it.

90.

CoNexus requested Ogata's service as a Customer Service Manager.

91.

CoNexus knowingly accepted Ogata's service as a Customer Service Manager.

92.

The receipt of Ogata's services as a Customer Service Manager for CoNexus without compensation would be unjust.

93.

Ogata expected to be compensated at the time she provided her services as a Customer Service Manager.

94.

Ogata is entitled to a recover from CoNexus the reasonable value of the services she provided as a Customer Service Manager for CoNexus for .25 hours on March 26, 2017, in an amount to be determined at trial.

95.

Ogata is entitled to a recover from CoNexus the reasonable value of the services she provided as a Customer Service Manager for CoNexus during her last two weeks of employment from March 27, 2017 through April 10, 2017, in an amount to be determined at trial.

96.

Ogata is entitled to a recover from CoNexus her accrued but unused PTO she earned through April 10, 2017, in the amount of $658.75.

**COUNT V - PROMISSORY ESTOPPEL**

97.

The allegations in all previous paragraphs are incorporated herein as if fully set out verbatim.

98.

On September 28, 2016, CoNexus promised to pay Ogata in return for Ogata's service as a Customer Service Manager.

99.

CoNexus should have reasonably expected that Ogata would induce action in reliance of said promise, i.e., serve as a Customer Service Manager for Defendant.

100.

CoNexus' promise induced Ogata to act in reliance thereof, i.e., to serve as a Customer Service Manager for it, to her detriment.

101.

Ogata's service as a Customer Service Manager for CoNexus conferred a benefit on it.

102.

CoNexus failed to pay Ogata in accordance with its promise.

103.

Ogata relied on Defendant's promise.

104.

Ogata's reliance on Defendant's promise was reasonable.

105.

Injustice can only be avoided by enforcement of Defendant's promise.

106.

Ogata is entitled to a recover from CoNexus the reasonable value of the services she provided as a Customer Service Manager for .25 hours on March 26, 2017, in an amount to be determined at trial.

### 107.

Ogata is entitled to a recover from CoNexus the reasonable value of the services she provided as a Customer Service Manager for Defendant during her last two weeks of employment from March 27, 2017 through April 10, 2017, in an amount to be determined at trial.

### 108.

Ogata is entitled to recover from CoNexus the reasonable value of the accrued but unused PTO she earned.

WHEREFORE, Ogata respectfully prays:

1. That Plaintiff be awarded due but unpaid minimum wages in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendants for the pendent State law claims herein asserted in amounts to be proven at trial;

4. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants, jointly and severally; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791